UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EDGAR MILLER,

           Plaintiff,

Case No: xx-CV-xxxxx

v.

**COMPLAINT**

UNITED STATES DEPARTMENT OF AGRICULTURE, RISK MANAGEMENT AGENCY, and FEDERAL CROP INSURANCE CORPORATION,

           Defendants.
_____

John D. Tallman (P32312)
JOHN D. TALLMAN, PLC
Attorneys for Plaintiff
4020 East Beltline Ave. N.E. – Suite 101
Grand Rapids, MI  49525
(616) 361-8850
jtallmanlaw@gmail.com
_____

This case is related to *Farmers Mut. Hail Ins. Co. of Iowa v. Miller (Miller I)*, 366 F. Supp. 3d 974 (W.D. Mich. 2018) (1:17-cv-00758 PageID.403) and *Farmers Mut. Hail Ins. Co. of Iowa v. Miller (Miller II)*, Case No. 1:19-cv-1005, assigned to Judge Jonker.

**COMPLAINT**

Plaintiff, Edgar Miller, by and through his attorney, John D. Tallman, for his Complaint, states as follows:

1.    Plaintiff requests judicial review of final agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*  Plaintiff also requests declaratory and injunctive relief from an administrative determination issued by Federal Crop Insurance Corporation ("FCIC") and Risk Management Agency ("RMA").  The

1

administrative determination that is the subject of this action is a Final Agency Determination ("FAD"), purporting to interpret the Common Crop Insurance Policy, namely FAD-287. **Exhibit A.**

2. Because FAD-287 is inconsistent with and unsupported by law, Defendants' action in issuing it was arbitrary, capricious, an abuse of discretion, and not in accordance with law; was in excess of statutory jurisdiction, authority, or limitations; and was without observance of procedure required by law.

3. Plaintiff seeks a declaratory judgment that the adverse determination issued by Defendants was arbitrary, capricious, an abuse of discretion, and not in accordance with law; was in excess of statutory jurisdiction, authority, or limitations; and was without observance of procedure required by law. Plaintiff further seeks an order directing that the adverse determination of FCIC and RMA be set aside pursuant to the judicial review provisions of the APA, 5 U.S.C. § 701, *et seq.*; that Defendants be enjoined to issue an FAD that is consistent with law; and that Defendants be enjoined from taking any action inconsistent with the judgment of this Court.

## **PARTIES**

4. Plaintiff Edgar Miller is a resident of St. Joseph County, Michigan who conducts farming operations in Michigan and Indiana.

5. Defendant United States Department of Agriculture ("USDA") is an executive department of the United States government and is the parent agency of Defendant RMA, a United States agency, which in turn administers Defendant FCIC, a wholly United-States-government-owned corporation created under the Federal Crop Insurance Act, 7 U.S.C. § 1501, *et seq.*

**JURISDICTION AND VENUE**

6. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question); the Declaratory Judgment Act, 28 U.S.C. § 2201; and 28 U.S.C. § 2202 (injunctive relief).

7. This case involves a federal question as a result of actions taken in contradiction of the Federal Crop Insurance Act, 7 U.S.C. § 1501, *et seq.*; and the APA, 5 U.S.C. § 706.

8. Venue is proper in this Court pursuant to 28 U.S.C § 1391(b) & (e) and 7 U.S.C. § 1506(d).

**GENERAL ALLEGATIONS**

9. Plaintiff Edgar Miller grows corn and soybeans on his farms in Michigan and Indiana. For a number of years, Miller insured his corn and soybean crops with Farmers Mutual Hail Insurance Company of Iowa ("Farmers Mutual") pursuant to the terms of the Common Crop Insurance Policy ("CCIP"). **Exhibit B**, Common Crop Insurance Policy. The CCIP is issued under the authority of the FCIA and is published at 7 C.F.R. § 457.8.

10. Miller was paid indemnities by Farmers Mutual due to losses of insured corn and soybeans during crop years 2012 and 2013. Although Miller suffered corn and soybean losses during crop year 2014, Farmers Mutual refused to pay the required indemnity. Miller timely initiated arbitration pursuant to section 20 of the CCIP. The parties agreed to arbitrate Miller's claims only. After Miller filed a Statement of Claim, Farmers Mutual answered by denying liability for crop year 2014, and by asserting a counterclaim, alleging that Miller owed Farmers Mutual a reimbursement for indemnities paid for crop years 2012 and 2013.

11. Farmers Mutual claimed a right to review of and to reimbursement for Miller's 2012 and 2013 indemnity payments.

12. An arbitration hearing was held August 3 and 4, 2016. The arbitrator entered an award for Farmers Mutual on September 16, 2016 in the amount of $36,980 for crop year 2012, $145,872 for crop year 2013, and $53,437.06 for crop year 2014, plus interest and fees.

13. The CCIP expressly prohibits an arbitrator from engaging in policy or procedure interpretation. Under the CCIP, only the FCIC may interpret policy or procedure. *See* CCIP, § 20(a)(1)(ii).

14. The Federal District Court reviewed the arbitration award in accordance with section 20(c) of the CCIP. The Court found that the arbitrator improperly engaged in policy interpretation and nullified the award pursuant to section 20(a)(1)(ii) of the CCIP. *Farmers Mut. Hail Ins. Co. v. Miller* (*Miller I*), 366 F. Supp. 3d 974 (W.D. Mich. 2018) (1:17-cv-00758 PageID.403).

15. In doing so, the Court stated, "For these reasons, the Court concludes that a policy or procedure interpretation is necessary and that the Arbitration Award is nullified in its entirety under Section 20, pending a policy interpretation by the FCIC." *Miller I*, 366 F. Supp. 3d, at 979 (1:17-cv-00758 PageID.411).

16. The policy interpretation in question related to whether the CCIP allows an Approved Insurance Provider ("AIP"), such as Farmers Mutual, to unilaterally and retroactively redetermine paid claims from past crop years. The express terms of the CCIP limit reimbursement of indemnity payments from prior years to cases involving overpayments based on knowing misrepresentation. As the Federal District Court stated,

4

"The Policy provisions that actually address making and payout of claims in the first instance appear to contemplate finality." See *Miller I*, 336 F. Supp. 2d, at 978.

17. Farmers Mutual claimed that it was able to revisit claims from prior crop years based on section 21 of the CCIP. *Miller I*, 336 F. Supp. 2d, at 978. However, that section only allows such retroactive redetermination where there is evidence of knowing misrepresentation by an insured. *Id.* at 979. As stated by the Court,

> There is nothing in the policy language that expressly permits a redetermination of previously settled crop years…
>
> The fairest and most natural way to read Sections 14 and 21 together is to conclude that once a claim for any particular crop year is settled by payment under Section 14, it remains settled, unless FMH or FCIC make out a case of knowing misrepresentation under Section 21.

*Id.*

18. Federal regulations prescribe the process for requesting and obtaining a policy interpretation by the FCIC. *See* 7 C.F.R. § 400.765, *et seq.*

19. The federal government was shut down from December 22, 2018 through January 25, 2019.

20. On December 27, 2018, Farmers Mutual submitted a request for an FAD to RMA via email.

21. On February 14, 2019, Miller submitted a counter-request for an FAD to RMA via email.

22. On April 18, 2019, RMA emailed the resultant FAD to Plaintiff's counsel. The letter attached to the email was dated April 8, 2019. The attachment to the email was titled, "FAD- 287," though the FAD was labeled "FAD-C-19." *Id.*

23. The FAD which was emailed April 8, 2019 responded only to Farmers Mutual's request for an FAD, without taking Miller's counter-request into account. *Id.*

24. RMA claimed to have not received Miller's February 14, 2019 request.

25. Plaintiff's counsel resubmitted the request by forwarding the February 14, 2019 email to RMA on May 10, 2019.

26. RMA rejected Miller's counter-request because it did not comply with newly implemented requirements for such requests. The new requirements were instituted by a revision to 7 C.F.R. § 400.767, which went into effect on January 28, 2019.

27. On July 12, 2019, Miller resubmitted his counter-request for interpretation as requested by RMA in its June 13, 2019 email. Miller requested that RMA revise and reissue the FAD after taking Miller's counter-request into account.

28. On July 25, 2019, RMA again rejected Miller's request.

29. On August 8, 2019, Miller again resubmitted his counter-request for interpretation. **Exhibit C**.

30. In order to address the question of policy interpretation identified by the Court (see *Miller I*, 366 F. Supp. 3d, at 979), Miller explicitly requested that RMA specify which policy provisions authorize an Approved Insurance Provider ("AIP") to retroactively redetermine paid claims:

> The question is *not* just whether section 21 of the [CCIP] is the *only* provision that allows for claim readjustment. . . . Rather, the FCIC is asked to identify *which* policy provisions, if any, allow for such claim readjustment.

**Exhibit C**, 2 (emphasis in original).

Miller's request concluded with the following:

> To reiterate, the second requestor has located no policy provision that allows for readjustment of a previously settled

> claim other than in situations involving non-compliance with record provision and retention provisions, or involving knowing misreporting of information. If other provisions exist giving the AIP broader authority, what are they specifically? Without this information, any resultant FAD would be a mere reiteration of FAD-106.
>
> The FCIC is asked to answer the issue presented, "No." However, if the FCIC answers the issue, "Yes," a request is made for a reference to the specific policy provisions which support this position.

*Id.* at 5-6.

31. On October 16, 2019, RMA revised FAD-287 and reissued it. **Exhibit A.**

32. FAD-287 states, in pertinent part,

> FCIC does not agree with [Miller] that only non-compliance by an insured can result in an AIP being able to reclaim alleged overpayments. The AIP has a duty to correct claims. As stated in FAD-281, the Federal crop insurance program uses taxpayer dollars and FCIC and AIPs have a duty to ensure those taxpayer dollars are paid in accordance with policy and procedures. If the AIP discovers a claim was not adjusted according to loss adjustment procedures established or approved by FCIC the AIP is required to correct the claim. This obligation has been confirmed by the courts in *Old Republic Insurance Company v. FCIC*, 947 F.2d 269 (7th Circuit 1991).

*Id.*

33. Defendants ignored Miller's (and, indirectly, the Court's) request for specific provisions authorizing redetermination of paid claims.

34. Additionally, the "Old Republic Insurance" case cited by Defendants was decided prior to the 2000 overhaul of the federal crop insurance program, and addressed reinsurance payments from FCIC itself; not the authority of AIPs to retroactively readjust paid claims.

7

35. Farmers Mutual relied on FAD-287 in filing a Renewed Petition to Confirm Arbitration Award on November 26, 2019 (*Miller II*, ECF No. 1, 1:19-cv-01005 PageID.1), which was granted by the court on September 9, 2020 (*Miller II*, Order Confirming Arbitration Award, ECF No.24, 1:19-cv-01005 PageID.193).

36. Mr. Miller filed an appeal from the Court's Order of September 9, 2020; which is pending in the Sixth Circuit Court of Appeals. *See Miller II*, Notice of Appeal, ECF No. 26, October 1, 2020, 1:19-cv-01005 PageID.198.

37. Miller has exhausted administrative procedures. FADs are by law generally applicable to all participants in the crop insurance program. 7 C.F.R. § 400.766(b)(2). As such, FADs are not appealable to the National Appeals Division ("NAD") of the USDA. 7 C.F.R. § 400.766(b)(5). In compliance with 7 C.F.R. § 400.766(b)(5), Miller has requested and obtained an Administrative Final Determination from the director of the NAD. **Exhibit D.**

## COUNT I – APA VIOLATION

38. Plaintiff hereby incorporates all preceding allegations.

39. Under the terms of the CCIP, an AIP does not have any right to revisit previously adjusted and paid claims except in cases of knowing misrepresentation.

40. In FAD-287, Defendants purport to interpret the CCIP, but instead read into the policy a new contractual right where none existed before.

41. Defendants' action in interpreting the CCIP as containing a right to revisit previously adjusted and paid claims in the absence of knowing misrepresentation was arbitrary, capricious, an abuse of discretion, and not in accordance with law; was in

excess of statutory jurisdiction, authority, or limitations; and was without observance of procedure required by law.

WHEREFORE, Plaintiff requests that the Court declare that Defendants violated the APA on October 16, 2019 when issuing FAD-287, set aside FAD-287, enjoin Defendants from interpreting the CCIP inconsistent with the Court's opinion, and order such other relief as the Court deems appropriate.

                              JOHN D. TALLMAN, PLC
                              Attorneys for Plaintiff

Dated: March 23, 2021        BY: /s/ John D. Tallman
                                        John D. Tallman (P32312)
                                        jtallmanlaw@gmail.com

                              BUSINESS ADDRESS & TELEPHONE:
                                  4020 East Beltline Avenue N.E. – Suite 101
                                  Grand Rapids, MI 49525
                                  (616) 361-8850